

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00804-CR

Timothy Brant **PERKINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. CC693175
Honorable Brenda Chapman, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: December 21, 2022

DISMISSED

The trial court's certification in this appeal states that this criminal case, "is a plea-bargain case, and the defendant has NO right of appeal."

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides:

In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial,

(B) after getting the trial court's permission to appeal, or

(C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial, nor does it indicate the trial court gave its permission to appeal. *See id.* Appellant has not identified with this court any statute that expressly authorizes the specific appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and appellant does not have a right to appeal.

We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). We issued an order stating this appeal would be dismissed unless an amended trial court certification was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). Appellant responded to our order, stating that he filed a motion for the trial court to amend its certification, but the trial court denied his motion. Appellant states that he "reluctantly concludes this court of appeals has little choice but to dismiss the instant attempted appeal." Because no amended trial court certification has been filed, we dismiss this appeal pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH